IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-596-FL

| | | |
|---|---|---|
| ALEXANDER NICHOLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NC DETECTIVE AGENCY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 19). Plaintiff responded in opposition, and in this posture the issues raised are ripe for ruling. For the following reasons, the motion is granted, and plaintiff is allowed leave to amend his complaint, as set forth herein.

## STATEMENT OF THE CASE

Plaintiff, proceeding pro se, commenced this action October 18, 2024, and filed amended complaint February 18, 2025, against defendant, his former employer.[1] Plaintiff alleges defendant discriminated and retaliated against him in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA").[2] He seeks injunctive relief, back and front pay, compensatory and punitive damages, interest, and costs.

---

[1] Plaintiff initially named "North Carolina Detective Agency, Inc." as defendant, but following a first motion to dismiss filed by defendant, plaintiff filed the operative amended complaint. Unless otherwise specified, all further references to the "complaint" in this order or to "Compl." in citations are to the operative amended complaint at docket entry 15.

[2] Plaintiff also cites Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794 et seq. However, where he makes no allegation or argument that such statute applies, the court does not address it.

For good cause shown and over plaintiff's objection, the court granted defendant extension of time to respond to amended complaint. Accordingly, defendant filed the instant motion March 17, 2025, seeking dismissal for failure to state a claim.

In response, plaintiff attempted to file second amended complaint March 28, 2025, accompanied by charge of discrimination and notice of right to sue from the United States Equal Employment Opportunity Commission ("EEOC"), NCDA Formal Complaint, and separation notice. Where such filing was not made with leave of court or defendant's consent, the court struck the second amended complaint as filed out of compliance with Rule 15(a). Plaintiff then responded in opposition to the instant motion April 4, 2025.[3]

Defendant did not reply, and the time to do so has expired.

## STATEMENT OF FACTS

The facts as alleged in the complaint may be summarized as follows.

Plaintiff began working for defendant as a security guard February 14, 2024. (Compl. (DE 15) ¶ 14). Early in plaintiff's employment, his supervisor and site director Alexander Rogers ("Rogers") granted plaintiff permission to use "pen and paper on the floor to keep [plaintiff] awake and attentive on the job." (Id. ¶ 21).

On March 2, 2024, plaintiff "experienced workplace harassment from a supervising officer, Thomas Lee [('Lee')], which he believes was racially charged in character." (Id. ¶ 16). The next day, plaintiff submitted a formal complaint about the racial harassment to Rogers. (Id. ¶ 17). Two days later, on March 5, 2024, Rogers held a meeting with plaintiff and Lee. (Id. ¶ 19). During that meeting, Rogers and Lee "further engaged in targeted and discriminatory bullying of Plaintiff

---

[3] Where "[p]ro se filings are to be construed liberally," the court reads plaintiff's attempted second amended complaint and attached documents as part of his response to the instant motion. Sanford v. Clark, 52 F.4th 582, 587 (4th Cir. 2022).

2

in retaliation for his complaint of workplace harassment and hostile work environment." (Id.). Plaintiff then "experience[d] a panic attack which was expressed vocally through his Tourette syndrome." (Id.). Through a "spat of verbal tics characteristic of Tourette Syndrome . . . Plaintiff covered his eyes and repeatedly and compulsively asked Mr. Lee and Mr. Rogers to 'stop.' " (Id. ¶ 25).

The next day, plaintiff was transferred to a different job site, and no remedial action was taken against Lee. (Id. ¶ 20). Along with the transfer, "Rogers retaliated against the complaint and his experience with [plaintiff's] disability by revoking [plaintiff's] permission [to use pen and paper] without just cause." (Id. ¶ 21).

Plaintiff submitted an addendum to his formal complaint the morning of March 11, 2024. (Id. ¶ 22). This addendum included "complaint based on discrimination of sexual orientation by both Mr. Rogers and Mr. Lee and discrimination of race by Mr. Lee, as well as allegations of workplace harassment and creating a hostile work environment on the same protected characteristic basis." (Id.). That afternoon, plaintiff received a separation notice, informing him that his employment was terminated, in part due to a "lapse in mental stability." (Id. ¶ 23).

Defendant then "complain[ed]" to the North Carolina Private Protective Services Board "that Plaintiff's disability makes him unfit for duty." (Id. ¶ 30).

**COURT'S DISCUSSION**

A.  Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level."

Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B.  Analysis

A plaintiff asserting a retaliation or discrimination claim is "required to allege facts to satisfy the elements of a cause of action created by the relevant statute in compliance with Iqbal." Woods v. City of Greensboro, 855 F.3d 639, 648 (4th Cir. 2017). The court examines each of plaintiff's claims in turn.

1.  Retaliation

Defendant argues plaintiff fails to state a claim for retaliation under the ADA.[4] "Employers violate the ADA by retaliating against an employee for engaging in ADA protected activity." Israelitt v. Enterprise Servs. LLC, 78 F.4th 647, 655 (4th Cir. 2023). ADA protected activities include "oppos[ing] any act or practice made unlawful by [the ADA]," or making "a charge, testif[ying], assist[ing], or participat[ing] in any manner in an investigation, proceeding, or hearing under [the ADA]." 42 U.S.C. § 12203(a); see Tartaro-McGowan v. Inova Home Health, LLC, 91 F.4th 158, 165 (4th Cir. 2024).

Plaintiff alleges defendant retaliated by transferring him to a different worksite, revoking his permission to use pen and paper while working, and terminating his employment. However, plaintiff does not allege that he engaged in ADA protected activity prior to any of these acts by defendant. Plaintiff's only formal complaint prior to his transfer and permission revocation

---

[4] Where plaintiff reiterates that "[t]his suit was brought under the pretext of the ADA, not Title VII," the court analyzes the sufficiency of his claims only under the ADA. (Pl's Resp. (DE 24) ¶ 1).

4

regarded an encounter with a supervisor "which he believes was racially charged in character." (Compl. (DE 15) ¶ 16). Although plaintiff amended this formal complaint, his amendment alleged "discrimination of sexual orientation," "discrimination of race," "workplace harassment[,] and creating a hostile work environment on the same protected characteristic[s]." (Compl. (DE 15) ¶ 22). Because the ADA does not protect against racial or sexual orientation-based discrimination, making such complaints is not "ADA protected activity." See Israelitt, 78 F.4th at 655.

Where plaintiff does not plausibly allege engagement in ADA protected activity, he fails to state a claim for retaliation under the ADA.

2.  Discrimination

Defendant argues plaintiff fails to state a claim for failure to accommodate or disparate treatment under the ADA.

a.  Failure to Accommodate

Under the ADA, an employer is prohibited from "discriminat[ing] against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). Such unlawful discrimination can include the failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee." Id. § 12112(b)(5)(A).

"Before an employer is required to accommodate a disabled employee, the employee must make an adequate request, thereby putting the employer on notice." Kelly v. Town of Abingdon, 90 F.4th 158, 166 (4th Cir. 2024). "To trigger an employer's duty to accommodate, a disabled employee need only communicate his disability and desire for an accommodation." Id. "To properly invoke the ADA, the communication must be sufficiently direct and specific, providing notice that the employee needs a special accommodation for a medical condition." Id. at 167.

5

Plaintiff argues that his expression of Tourette syndrome during the March 5, 2024, meeting put his employer on notice of his disability. However, there is no indication in the complaint that plaintiff ever made a "direct and specific" communication to defendant of a desire for an accommodation. Id. Therefore, any conclusion that defendant had a duty to accommodate is speculative.

Where plaintiff does not plausibly allege that defendant was aware of plaintiff's desire for an accommodation, his failure to accommodate claim fails.

      b.     Disparate Treatment

To state a claim for disparate treatment discrimination under the ADA, a plaintiff must plausibly allege that: 1) he has a disability as defined in the ADA, 2) he was a "qualified individual," and 3) his employer took an adverse action against him on account of his disability. Young v. United Parcel Serv., Inc., 784 F.3d 192, 198 (4th Cir. 2015).[5]

The ADA defines "disability" with respect to an individual as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). An individual is " 'regarded as having such an impairment' if the individual establishes that he or she has been subject to an action prohibited under [the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." Id. § 12102(3)(A).

Here, plaintiff plausibly alleges that he has a disability and that defendant took an adverse action against him because of that disability. According to the complaint, plaintiff was terminated because defendant believed plaintiff "had a lapse in mental stability." (Compl. (DE 15) ¶ 23).

---

[5]    Contrary to defendant's argument, the McDonnell Douglas burden-shifting framework is an evidentiary standard that does not apply at the pleading stage. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

6

Additionally, defendant "complain[ed] that Plaintiff's disability makes him unfit for duty." (Id. ¶ 30). Construing these facts in the light most favorable to plaintiff, he plausibly alleges that defendant regarded him as having an impairment and that defendant terminated him because of that perceived impairment.

However, plaintiff does not allege that he was a "qualified individual" within the meaning of the ADA. A qualified individual is a person who "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). A function is essential to a position "when 'the reason the position exists is to perform that function,' when there aren't enough employees available to perform the function, or when the function is so specialized that someone is hired specifically because of his or her expertise in performing that function." Jacobs v. N.C. Admin. Office of the Cts., 780 F.3d 562, 579 (4th Cir. 2015) (quoting 29 C.F.R. § 1630.2(n)(2)).

Here, the complaint lacks allegations of the essential functions of plaintiff's position or of his ability to perform them. Plaintiff alleges he stayed "awake and attentive" when using pen and paper at work. (Compl. (DE 15) ¶ 21). Such minimal performance cannot reasonably be considered "essential" to the security guard position. 42 U.S.C. § 12111(8). Because plaintiff does not plausibly allege that he is a qualified individual, he fails to state a claim of ADA discrimination.

C. Opportunity to Amend

In sum, where plaintiff fails to allege sufficient facts to state a retaliation or discrimination claim under the ADA, defendant's motion is granted, and plaintiff's complaint is dismissed. However, where plaintiff previously attempted to file a second amended complaint, which was stricken by the court, and where plaintiff may be able to overcome the pleading deficiencies

7

Case 5:24-cv-00596-FL   Document 25   Filed 08/13/25   Page 7 of 8

identified herein through additional factual allegations, the court will allow plaintiff an opportunity to file a second amended complaint in accordance with the following directions.

Plaintiff is directed to file a second amended complaint, if any, within 30 days of this order. If plaintiff seeks to continue the instant action in this court, his second amended complaint must set forth all relevant, specific factual allegations that "plausibly suggest an entitlement to relief." Iqbal, 556 U.S. at 681; see Fed. R. Civ. P. 8. The second amended complaint will be considered the complaint in its entirety, and the court will not review plaintiff's prior filings or other documents in the record to identify any misplaced claims. In the event plaintiff fails to file a second amended complaint within 30 days of this order as directed, the clerk is directed to close the case without further order of this court.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 19) is GRANTED. Plaintiff's amended complaint (DE 15) is DISMISSED WITHOUT PREJUDICE. Plaintiff is allowed a period of 30 days from the date of this order to file a second amended complaint, in accordance with the directions set forth herein. If no such filing is made within 30 days, the clerk is DIRECTED to close this case without further order of this court.

SO ORDERED, this the 13th day of August, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge